

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

*Tom Green Co,*

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. C. Fisher
District Attorney
San Angelo, Texas

Dear Sir:

Opinion No. O-1883
Re: Should ex-officio salaries
paid to county officials
of Sterling County be in-
cluded in arriving at the
maximum compensation?

Your recent request for an opinion of this department on the above stated question has been received.

Your letter reads in part as follows:

"I have been requested by the County Judge of Sterling County to request an opinion from your Department as to whether or not the ex-officio salaries paid to county officials of Sterling County should be included in arriving at the maximum compensation. His letter to me puts the question thus:

"'As to maximum fees in Sterling County, with a population of less than 25,000, we are governed by Art. 3883, R. C. S. ($2400), and Art. 3891 as to excess fees ($3000). Should ex-officio salary of officer be considered in arriving at the $2400 maximum, or the $3000 maximum, or either? The County officials in this county are compensated on a fee basis, with an additional sum paid them as ex-officio salaries.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable O. C. Fisher, page 2

          Articles 3883 and 3891 of Vernon's Civil
Annotated Statutes read in part as follows:

          "Art. 3883.   3881 to 3883.   Maximum Fees
          "Except as otherwise provided in this
Act, the annual fees that may be retained by
precinct, county and district officers men-
tioned in this Article shall be as follows:

          "1.   In counties containing twenty five
(25,000) thousand or less inhabitants: County
Judge, District or Criminal District Attorney,
Sheriff, County Clerk, County Attorney, Dis-
trict Clerk, Tax Collector, Tax Assessor, or
the Assessor and Collector of Taxes, Twenty-
four Hundred ($2400.00) Dollars each; Justice
of the Peace and Constable, Twelve Hundred
($1200.00) Dollars each.

          ". . . .
          "Art. 3891.   Disposition of fees
          "Each officer named in this Chapter
shall first out of the current fees of
his office pay or be paid the amount al-
lowed him under the provisions of Article
3883, together with the salaries of his
assistants and deputies, and authorized
expenses under Article 3899, and the amount
necessary to cover costs of premium on
whatever surety bond may be required by
law.   If the current fees of such office
collected in any year be more than the amount
needed to pay the amounts above specified,
same shall be deemed excess fees, and shall
be disposed of in the manner hereinafter
provided.

          "In counties containing twenty-five thous-
and (25,000) or less inhabitants, District and
County officers named herein shall retain one-
third of such excess fees until such one-third,
together with the amounts specified in Article
3883, amounts to Three Thousand Dollars
($3000).   Precinct officers shall retain
one-third until such one-third, together with
the amount specified in Article 3883, amounts
to Fourteen Hundred Dollars ($1400)."

Honorable O. C. Fisher, page 3


Sterling County has a population of 1,431 inhabitants, according to the last federal census.

Article 3895, Vernon's Civil Annotated Statutes, provides that:

"Art. 3895. Ex-officio services
"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

Article 3897, Vernon's Civil Annotated Statutes, reads in part as follows:

"Art. 3897. Sworn statement
"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise,

said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations . . ."

The last two paragraphs of Article 3891, Revised Civil Statutes, read as follows:

"The compensations, limitations and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not not be accountable for and not required to be reported as fees of office."

Article 3895, supra, specifically prohibits the commissioners' court from allowing compensation for ex officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for by Articles 3883 and 3891, supra. The only case where the commissioners' court is allowed to provide compensation for ex officio services is when the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for by Article 3883 and Article 3891. The phrase "all fees and compensation whatsoever collected by said officers in their official capacity," embraces every kind of compensation allowed by law to such officials, and unless excepted by some provision of the statute, the exceptions are so definite that by implication all fees and compensations not mentioned in the exceptions are excluded therefrom, and thereby included within the requirements of the maximum fee statutes.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that compensation allowed for ex officio services to the county officials of Sterling County must be included in arriving at the maximum compensation allowed such officials under Articles 3883 and 3891. For explanation of the foregoing we enclose a copy of Opinion O-1315.

Trusting that the foregoing fully answers your inquiry, we remain,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:LW

APPROVED JAN 30, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN